IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LEONARD ALLEN SMITH,**

        **Plaintiff,**

v.                                    CIVIL ACTION NO. 5:09CV96

**COMMISSIONER
OF SOCIAL SECURITY,**

        **Defendant**.

## REPORT AND RECOMMENDATION/OPINION

On August 24, 2009, Plaintiff Leonard Allen Smith ("Plaintiff"), proceeding *pro se*, filed a Complaint in this Court pursuant to 42 U.S.C. § 405(g), to review a denial of Supplemental Security Income ("SSI"), under the Social Security Act [Docket Entry 1]. On August 26, 2009, Defendant Michael J. Astrue, Commissioner of Social Security ["Defendant"], through his counsel, Helen C. Altmeyer, filed a Motion to Dismiss Plaintiff's Complaint [Docket Entry 10]. This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

On October 28, 2009, the Court entered and served on Plaintiff a "Roseboro Notice," informing him of his right to file a response to the Motion to Dismiss, and alerting him to the fact that his failure to respond could result in the entry of an order of dismissal against him. The notice further advised Plaintiff he had thirty days from the date of the order to file any opposition he had to the Motion to Dismiss, "explaining why his case should not be dismissed for failure to exhaust his administrative remedies, that is, for his failure to request a hearing before an Administrative Law

Judge, have that hearing, receive a decision from that hearing, and appeal that decision to the Appeals Council before filing his complaint with the united States District Court." The docket also contains a Certified Mail Receipt indicating the Roseboro Notice was delivered to Plaintiff's address on October 28, 2009.

A review of the docket shows Plaintiff has not filed any response to the Motion to Dismiss or, indeed, any further documents in this matter. The Court finds this matter is ripe for decision. Further, the issue involved is not complex and does not require a hearing for resolution.

## DISCUSSION

Defendant contends the Court does not have jurisdiction because Plaintiff has failed to exhaust his administrative remedies. Judicial review of the Commissioner's final decision is set forth in the Social Security Act, 42 U.S.C. §405, as follows:

> (g) Any individual, <u>after any final decision of the Commissioner of Social Security made after a hearing</u> to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the commissioner of social security may allow.

(emphasis added). The Fourth Circuit has held :

> Under 42 U.S.C. § 405(g), the district court has jurisdiction to review the Secretary's final denial of claims if the Secretary based denial on a hearing.

Shrader v. Heckler, 754 F.2d 142 (4th Cir. 1985).

The Regulations provide that a claimant must complete a four-step administrative review process within certain time periods to obtain a judicially reviewable "final decision." 20 CFR §§ 404.900(a), 416.1400(a). This four-step process involves seeking an Initial Determination, Reconsideration, an Administrative Hearing before an Administrative Law Judge, and Appeals

Council review. Id. Section 405(g) of Title 42 of the United States Code authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." The Commissioner may decline to issue a "final decision" if the claimant failed to exhaust administrative remedies. 20 CFR §§ 404.957 (c)(1), (2); 416.1457(c)(1), (2).

In support of his position, Defendant has submitted the Declaration of Marian Jones, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Ms. Jones swears under penalty of perjury that she is responsible for the processing of SSI claims whenever a civil action has been filed in West Virginia. She states that the file relating to Plaintiff's claim has been examined under her supervision. That examination indicated that Plaintiff applied for SSI on December 11, 2008, and the State agency denied the application at the Initial stage. Plaintiff requested reconsideration of the unfavorable determination. On July 15, 2009, an SSI notice of reconsidered determination was sent to Plaintiff affirming the initial denial. She also states that the notice advised Plaintiff of the right to appeal the determination by requesting a hearing before an Administrative Law Judge within sixty days of the receipt of the notice. She was unaware of any such request being made by Plaintiff.

Plaintiff did not respond to Defendant's Motion or dispute Ms. Jones' declaration. In fact, Plaintiff's own Complaint corroborates Ms. Jones' timeline and Defendant's position. He filed his Complaint in this Court on August 24, 2009, only six weeks after the notice of reconsidered determination was issued. From the Court's experience with numerous Social Security cases, it is highly improbable that Plaintiff could have even requested a hearing and received a response to that request in that amount of time, and impossible for him to have had a hearing and decision.

Significantly, Plaintiff writes in his Complaint that he never had a hearing.

Section 405(g) of Title 42 of the United States Code authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." The Regulations provide that a claimant must complete a four-step administrative review process within certain time periods to obtain a judicially reviewable "final decision." 20 CFR §§ 404.900(a), 416.1400(a). This four-step process involves seeking an Initial Determination, Reconsideration, an Administrative Hearing before an Administrative Law Judge, and Appeals Council review. Id. Plaintiff clearly did not complete the final two steps, and therefore failed to exhaust his administrative remedies before filing his Complaint in this Court. The Court is therefore without jurisdiction in this matter.

The undersigned therefore respectfully recommends Defendant's Motion to Dismiss Plaintiff's Complaint be granted.

## RECOMMENDED DECISION

For the reasons above stated, the undersigned recommends Defendant's "Motion to Dismiss Plaintiff's Complaint" [Docket Entry 10] be **GRANTED** and this case dismissed and stricken from the Court's docket.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Court Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th

Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record and Plaintiff's *pro se* by certified mail.

Respectfully submitted this 23 day of December, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE