IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEONARD ALLEN SMITH,

    Plaintiff,

v.                            Civil Action No. 5:09CV96
                                    (STAMP)
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

The pro se[1] plaintiff, Leonard Allen Smith, filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the denial of his application for supplemental security income ("SSI") under Title XVI of the Social Security Act.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The defendant filed a motion to dismiss. The Court issued the plaintiff a notice informing him of his right to file a response to the motion to dismiss, but the plaintiff did not file a response. On December 23, 2009, the magistrate judge entered a report and recommendation, recommending that the defendant's motion to dismiss be granted, and that this case be

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

stricken from the active docket of this Court. Upon submitting this report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 458 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

In his motion to dismiss, the defendant contends that this Court does not have jurisdiction because the plaintiff has failed to exhaust his administrative remedies. Pursuant to 42 U.S.C. § 405(g),

> [a]ny individual, <u>after any final decision of the Commissioner of Social Security made after a hearing</u> to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced withing sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

2

(emphasis added). Indeed, "[u]nder 42 U.S.C. § 405(g), the district court has jurisdiction to review the Secretary's final denial of claims if the Secretary based denial on a hearing." Shrader v. Heckler, 754 F.2d 142, 144 (4th Cir. 1985).

A claimant must complete a four-step administrative review process to obtain a judicially reviewable "final decision." 20 C.F.R. §§ 404.900(a), 416.1400(a). This requires that the claimant seek an initial determination, reconsideration, an administrative hearing before an administrative law judge, and appeals council review. Should a claimant fail to exhaust administrative remedies, the Commissioner may decline to issue a "final decision." 20 C.F.R. §§ 404.957(c)(1), (2); 416.1457(c)(1), (2).

Here, in support of its motion to dismiss, the defendant submitted the Declaration of Marian Jones, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Ms. Jones indicated that the plaintiff applied for SSI on December 11, 2008, and the state agency denied the application at this initial stage. Thereafter, the plaintiff requested reconsideration of this unfavorable determination. An SSI notice of reconsidered determination was sent to the plaintiff affirming the initial denial on July 15, 2009. That notice advised the plaintiff of his right to appeal the determination and request a hearing before an administrative law judge. Nevertheless, the plaintiff made no such request.

Furthermore, the plaintiff did not respond to the defendant's motion to dismiss or dispute Ms. Jones' Declaration. Based upon this information, the magistrate judge found that the plaintiff did not complete the final two steps of the administrative process, and therefore, failed to exhaust his administrative remedies. Thus, the magistrate judge held that this Court was without jurisdiction in this matter.

This Court has reviewed the record, as well as the defendant's motion to dismiss, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the plaintiff failed to exhaust his administrative remedies before filing this civil action. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion to dismiss is GRANTED. It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to

counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

    DATED:    January 27, 2010

<pre>                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE</pre>